## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **NUVIO CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 09-2126-KHV** |
| **BROADSOFT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Broadsoft, Inc.'s Motion For Leave To Re-File Documents No. 7-3 And 8 Under Seal (Doc. #13) filed March 24, 2009 and Defendant Broadsoft Inc.'s Motion For Leave To File Under Seal (1) Defendant's Motion To Dismiss Plaintiff's First Amended Complaint For Lack Of Personal Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted; (2) Memorandum In Support; And (3) Exhibits (Doc. #24) filed April 13, 2009. Defendant seeks protection of plaintiff's alleged trade secrets and other confidential information under D. Kan. Rule 5.4.6 and D. Kan. Rule 15.1. Plaintiff does not oppose these motions. See Plaintiff's Response To Defendant's Motion To Re-File Documents Nos. 7-3 And 8 Under Seal ("Plaintiff's Response") (Doc. #17) field March 26, 2009.

### Standard

The law does not recognize an absolute privilege for trade secrets and similar confidential information. Centurion Indus., Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 325 (10th Cir.1981). To successfully establish the need to file under seal pursuant to Rule 26(c)(1)(G), Fed. R. Civ. P., the party must demonstrate that the information in question is a trade secret and that its disclosure might be harmful. Id. Regardless of the existence of a protective order, any motion to seal parts of the

record must also establish that the interests favoring non-disclosure outweigh the public interest in access to court documents. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public has a fundamental interest in understanding disputes that are presented to a public forum for resolution. Id. at 461. In addition, the public interest in district court proceedings includes the assurance that courts are run fairly and that judges are honest. Id.

Where movants have provided no evidence that information constitutes a trade secret and have not established that disclosure of the information may be harmful, movants have not met their burden under Rule 26(c)(1)(G). See Cunningham v. Standard Fire Ins. Co., No. 07-CV-02538, 2008 WL 2668301 at *7 (D. Colo. Jul. 1, 2008). The party seeking a protective order has the burden to show good cause for it. Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan. 1996). To establish good cause, a moving party must submit particular and specific facts and not merely stereotyped and conclusory statements. Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n. 16 (1981).

## Analysis

Defendant filed its first motion requesting leave of court to seal documents, see (Doc. #13), after plaintiff's amended complaint alleged that Defendant Broadsoft, Inc.'s Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. #6) filed March 13, 2009, tortiously interfered with plaintiff's contract with a third party because it included documents disclosing plaintiff's "Master Licensing Agreement." See First Amended Petition For Damages (Doc. #10-2) filed March 23, 2009.[1]

---

[1] Plaintiff's amended complaint stated as follows:

42. On or about March 14, 2009, Defendants filed responsive pleadings in the US District Court for the District of Kansas.

(continued...)

[1](...continued)

43. Included in Defendants pleadings was Plaintiff's Master License Agreement with Sylantro.

44. Included as Exhibit B of Defendant's Memorandum in Support of Defendant Broadsoft, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction was a confidential letter by and between Nuvio and Sylantro (the "correspondence").

45. The correspondence was emailed to Sylantro and denoted in the email that it was confidential and privileged.

46. The Master License Agreement and correspondence with Sylantro is covered under multiple non-disclosure agreements, including those contained within the Master License Agreement.

47. Defendant's release and publication of the Master License agreement and correspondence reveal confidential information that will place Nuvio at a competitive disadvantage by disclosing recurring cash payments as well as monies already paid as well as terms, conditions and duration of the agreement.

48. Section 8 of the Master License Agreement specifically prohibits the public release of the Master License Agreement as well as other confidential information disclosed by the parties.

49. Defendant did not have Nuvio's permission to publish its Master License Agreement or correspondence with Sylantro.

50. Defendant did not have the right to release Nuvio's Master License Agreement or correspondence with Sylantro.

51. Defendant did not notify Nuvio of its intent to release the Master License Agreement or correspondence.

52. The release of the Master License Agreement and correspondence occurred in Johnson County, Kansas.

53. Defendant forced or induced Sylantro to breach its contract with Nuvio and release the Master License Agreement and correspondence into the public domain.

(continued...)

Defendants later filed a second motion requesting leave of court to re-file under seal its entire motion to dismiss, including a second request to re-file the documents that plaintiff alleges are trade secrets. See Doc. #24 filed April 13, 2009.

Defendant's motions do not state the legal standard for sealing documents or provide specific reasons why these documents should be sealed. Defendant merely states that its motions are filed pursuant to two local rules, D. Kan. Rule 5.4.6 and D. Kan. Rule 15.1, which illustrate the proper procedure for filing documents under seal and amending documents or requesting leave of court to file additional documents. Defendant states that it requests leave of court to re-file under seal in order to partially remove the issue of tortious interference from the case. See Broadsoft, Inc.'s Motion For Leave To Re-File Documents No. 7-3 And 8 Under Seal (Doc. #13) filed March 24, 2009 at 1. In fact, defendant argues in a footnote that none of the documents require confidential treatment. Id. at n. 1. Because defendant does not provide any legal or factual support why the documents should be sealed, the Court cannot grant its request to seal the documents.[2]

**IT IS THEREFORE ORDERED** that Broadsoft, Inc.'s Motion For Leave To Re-File Documents No. 7-3 And 8 Under Seal (Doc. #13) filed March 24, 2009 and Defendant Broadsoft

---

[1](...continued)
54.    Defendant had other options available, including filing the Master License Agreement and correspondence under seal pursuant to K.S.A. 60-3324.

[2]    Section II., I. of the District of Kansas Administrative Procedures for Filing, Signing, And Verifying Pleadings and Papers By Electronic Means In Civil Cases provides that:

> [P]arties may modify or partially redact . . . confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information). Consistent with the E-Government Act of 2002 . . . a party that files a document with such personal data identifiers or other confidential information redacted may file an unredacted version of the document under seal or file a reference list under seal.

Inc.'s Motion For Leave To File Under Seal (1) Defendant's Motion To Dismiss Plaintiff's First Amended Complaint For Lack Of Personal Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted; (2) Memorandum In Support; And (3) Exhibits (Doc. #24) filed April 13, 2009 be and hereby are **OVERRULED**.

Dated this 2nd day of June, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge